UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CECCHINI,<br><br>    Plaintiff,<br><br>    vs.<br><br>TIDA IENG, individually and as Guardian Ad Litem for Sabrina Ouk and Alyssa Ieng; and DOES 1 through 100,<br><br>    Defendants. | Case No. S-08-00516 FCD-DAD (Lead)<br><br>[Consolidated with 2:08-01385 FCD-DAD]<br><br>**STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER** |

_____

Due to the complexity of this action, including the number of parties and witnesses, and the multiplicity of actions, the parties hereby in good faith, and with good cause, agree to amend the STATUS (PRETRIAL SCHEDULING) ORDER, and seek court order.

Good cause exists as the parties seek to eliminate the duplicity of the actions before the court and to simplify the

-1-
STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER

proceedings.

Good cause further exists as further discovery is necessary for the parties to participate in a meaningful global mediation. THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES, that the STATUS (PRETRIAL SCHEDULING) ORDER shall be amended as follows:

**I.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

The complaints and cross complaints filed in San Joaquin County Superior Court, specifically, SEANG v. CECCHINI, Case #39-2009-00201762-CU-PO-STK, IENG v. CECCHINI, et al., Case No. CV 033852, ROYCE v. ESTATE OF RATHA IENG, et al., Case No. CV034755, and FENLEY v. IENG, et al., Case No. CV035013, are deemed to comply with the Admiralty claim filing-requirement in the limitation of liability action pending in this Court so that each and every of the aforementioned claims asserted by and against each and every party shall be deemed within the jurisdiction of this Court and that all issues arising from each and every claim be adjudicated by this Court in the instant action.  In such instance, the parties agree to dismiss each and every of the aforementioned claims pending in the state court, subject to the state court's granting of a minor's compromise to dismiss Sabrina Ouk's and Alyssa Ieng's state court claims in consideration of this stipulation.

In the alternative, should the Court not approve the parties' agreement to deem the aforementioned claims as in compliance with the Admiralty claim filing-requirement in the limitation of liability action pending in this Court, that each and every of the claims may be filed as late claims without

-2-
STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER

objection from any party hereto.

## II.  DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **February 26, 2010**.  In the event the federal rules require, the designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

By **March 12, 2010**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

-3-
STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery shall be completed by **April 16, 2010**.

**III.   CONSOLIDATION**

As the actions before the court involve a common question of law or fact, Case No. S-08-00516 FDC-DAD (Lead), and the related cases, Nos.: 2:08-CV-00516 FCD-KJM, 2:08-cv-01385 FCD-DAD, shall be consolidated for any and all matters including

trial Pursuant to Rule 42.

For convenience of the Court and the parties, and to speed the full execution of this Stipulation, it is further agreed that the Stipulation may be signed in counterparts and facsimile signatures will be accepted.

**IT IS SO STIPULATED**:

DATED: December ___, 2009          POWERS & MILLER

```
                                              /S/
                              By: _____
                                  Gordon W. Bowley, Esq.
                                  Attorney for Claimant,
                                  TIDA IENG, individually and as
                                  Guardian Ad Litem for Sabrina Ouk
                                  and Alysa Ieng
```

DATED: December ___, 2009          MAYALL, HURLEY, KNUTSEN, SMITH & GREEN

```
                                              /S/
                              By: _____
                                  Mark Adams, Esq.
                                  Attorney for Claimant,
                                  TIDA IENG, individually and as
                                  Guardian Ad Litem for Sabrina Ouk
                                  and Alysa Ieng
```

DATED: December ___, 2009          MILLER LAW, INC.

```
                                              /S/
                              By: _____
                                  John C. Miller, Esq.
                                  Attorney for Plaintiff,
                                  JOSEPH CECCHINI
```

```
DATED: December ___, 2009          BERSCHLER ASSOCIATES, PC


                                            /S/
                               By:  _____
                                    Arnold I. Berschler, Esq.
                                    Attorney for Claimant,
                                    GREGORY WARREN ROYCE



DATED: December ___, 2009          LAW OFFICES OF LAWRENCE M. KNAPP


                                            /S/
                               By:  _____
                                    Lawrence M. Knapp, Esq.
                                    Attorney for Claimant,
                                    RICHARD FENLEY and SHERI FENLEY



DATED: December ___, 2009          BROWN & GESSELL LP


                                            /S/
                               By:  _____
                                    Steve L. Brown
                                    Attorney for Claimant,
                                    CHHOM SEANG
```

**ORDER**

Good cause having been shown, the STATUS (PRETRIAL SCHEDULING) ORDER, dated May 28, 2009, is amended as set forth herein.

Dated: December 17, 2009            _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE

-6-
STIPULATION AND ORDER AMENDING STATUS (PRETRIAL SCHEDULING) ORDER